UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUANGSHUN XING,

Petitioner,

*-against-*

JUDITH ALMODOVAR, Acting Director of the New York City Field Office of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the Department of Homeland Security; and PAMELA BONDI, Attorney General,

Respondents.

**ORDER**
26-cv-00206 (ER)

EDGARDO RAMOS, United States District Judge:

Guangshun Xing filed a petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 9, 2026. Doc. 1. On January 12, 2026, the Court ordered the Respondents to file a letter indicating, *inter alia*, (1) whether the Petitioner was located in the Southern District of New York at the time that the Petition was filed, (2) the statutory provision(s) under which the Respondents assert the authority to detain the Petitioner, and (3) if the asserted basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from this Court's decision in *Liu v. Almodovar*, 25-cv-9256 (S.D.N.Y. Dec. 2, 2025). Doc. 4.

The Respondents filed the response letter on January 14, 2026. Doc. 7. In the letter, the Respondents concede that venue is proper because the Petitioner was in the Southern District of New York when the Petition was filed. *Id.* at 1. The Respondents also assert that the basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and that the "instant case is not materially distinguishable from the facts and legal issues presented in the Court's decision in *Liu*." *Id.* at 2. Thus, while the Respondents "respectfully disagree with the Court's decision in *Liu*, they

acknowledge that it would control the result in this case if the Court adheres to it." *Id.* The Respondents do not raise any arguments for departing from *Liu*, but rather "rely upon, and incorporate by reference, the legal arguments [the respondents] presented in *Liu*." *Id.* They also indicate that they "believe the Court can decide this matter without further briefing." *Id.*

Having been presented with no additional arguments for deviating from *Liu*, the Court therefore GRANTS the Petition for the reasons set forth therein. The Respondents are thereby ORDERED to immediately release Xing from custody and certify compliance with the Court's order by filing an entry on the docket no later than January 15, 2026, at 12 p.m.

Xing's counsel is instructed to submit any fee application and corresponding billing records to the Court by January 28, 2026. The Respondents are instructed to file any opposition by February 11, 2026.

Dated: January 14, 2026
New York, New York

EDGARDO RAMOS
United States District Judge